[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11677

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

UNTARIUS DEMONT ALEXANDER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cr-20224-RS-1

_____

2                       Opinion of the Court                    24-11677

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Untarius D. Alexander appeals his 170-month sentence for conspiracy to commit Hobbs Act Robbery and attempted Hobbs Act robbery, which the district court imposed on remand from this Court. Alexander argues that his sentence is substantively unreasonable because the court imposed a sentence at the top end of the original guideline range, which was a significant upward variance from the resentencing guideline range. For the reasons below, we affirm Alexander's sentence.

We review a sentence's reasonableness for an abuse of discretion—regardless of whether the sentence is within or outside the Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). "The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). A district court imposes a substantively unreasonable sentence only if it (1) fails to consider "relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (citation and quotation marks omitted). We will vacate a district court's sentence as substantively unreasonable "only if we are left with the definite and firm conviction

that the district court committed a clear error of judgment in weighing the § 3553(a) factors." *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020) (citation and quotation marks omitted). One indicator of reasonableness is when the sentence falls well below the maximum penalty. *Id.*

"[D]istrict courts are required to correctly calculate the guideline range, both initially and upon resentencing, and to use that range as the starting point and the initial benchmark for their sentencing decisions." *United States v. Fowler*, 749 F.3d 1010, 1021 (11th Cir. 2014) (citation and quotation marks omitted). This does not mean, however, that the district court *must* impose a lower sentence at resentencing when the guideline range is lowered. *Rosales-Bruno*, 789 F.3d at 1258. Instead, it must consider the corrected guideline range and weigh the § 3553(a) sentencing factors to determine whether, in its judgment, the other sentencing factors outweigh a lower advisory guideline range. *Id.*

The weight given to each factor lies within the district court's sound discretion, and it may reasonably attach great weight to a single factor. *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013). "The district court is not required to explicitly address each of the § 3553(a) factors or all of the mitigating evidence." *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021). "Instead, [a]n acknowledgment [that] the district court has considered the defendant's arguments and the § 3553(a) factors will suffice." *United States v. Al Jaberi*, 97 F.4th 1310, 1330 (11th Cir. 2024) (first alteration in original) (citation and quotation marks omitted).

Section 3553(a)'s "overarching" instruction is that any sentence must be sufficient but not greater than necessary to comply with the purposes listed in § 3553(a)(2). *Kimbrough v. United States*, 552 U.S. 85, 101 (2007); 18 U.S.C. § 3553(a). These purposes include the need to reflect the seriousness of the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a). In imposing a particular sentence, the court must also consider the offense's nature and circumstances, the defendant's history and characteristics, the applicable guidelines range, any pertinent policy statements from the Sentencing Commission, the need to avoid unwarranted sentencing disparities between similarly situated defendants, and the need to provide restitution to any of the defendant's victims. *Id.* § 3553(a)(1), (3)–(7).

We do not presume that a sentence outside the guideline range is unreasonable and give due deference to the district court's decision that the § 3553(a) factors justify the variance. *Irey*, 612 F.3d at 1187. In reviewing a sentence outside the guideline range, appellate courts may consider the degree of variance and the extent of the deviation from the guidelines. *Id.* at 1186. "Although there is no proportionality principle in sentencing, a major variance does require a more significant justification than a minor one—the requirement is that the justification be sufficiently compelling to support the degree of the variance." *Id.* at 1196 (citation and quotation marks omitted).

Here, Alexander's 170-month sentence is substantively reasonable. The district court heard argument as to the § 3553(a) factors and sufficiently discussed the factors that it considered relevant to the sentence. *See Taylor*, 997 F.3d at 1354; *Al Jaberi*, 97 F.4th at 1330. The court did not fail to consider relevant factors that were due significant weight, give significant weight to an improper factor, or clearly err in considering the proper factors. *Irey*, 612 F.3d at 1189. The court expressly stated that it had considered the § 3553(a) factors and found Alexander's history of violence and the need to protect the public from his further crimes particularly significant.

Although the upward variance is significant, the court's extensive explanation of the factors and the sentence imposed was sufficiently compelling to justify a 73-month variance. *Irey*, 612 F.3d at 1186–87. Additionally, the 170-month sentence was well below the statutory maximum sentence of 40 years' imprisonment, which further buttresses the conclusion that Alexander's sentence was reasonable. *Goldman*, 953 F.3d at 1222; 18 U.S.C. § 1951(a).

Because Alexander has failed to establish that his sentence is substantively unreasonable, we **AFFIRM** the district court's decision to impose it.

**AFFIRMED.**